UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 18-42997

EDDIE RIVERA, and                                       Chapter 7
SHELEYNE RIVERA,
                                                        Judge Thomas J. Tucker
                Debtors.
_____/

# OPINION AND ORDER DENYING THE DEBTORS'
# MOTION TO REOPEN BANKRUPTCY CASE

This case is before the Court on the Debtors' motion, filed May 5, 2021, entitled "Ex Parte Motion to Set Aside Order Closing Case Without Discharge and For Entry of a[n] Order Reopening the Chapter 7 Bankruptcy" (Docket # 19, the "Motion"). The Motion seeks to reopen this case to enable the Debtors each to file a Financial Management Course Certificate (the "Certificate"), and then receive a discharge. The Motion was filed more than two years and nine months after this case was closed. For the following reasons, the Court will deny the Motion.

**A. Background**

With the assistance of their attorneys, the Debtors filed a voluntary petition for relief under Chapter 7 on March 6, 2018, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on April 11, 2018 at 11:00 a.m. (Docket # 9, the "Notice"). On March 7, 2018, the Notice was served by the Bankruptcy Noticing Center by email on the Chapter 7 Trustee, the Debtors' attorney, and some of the creditors, and on March 8, 2018, the Notice was served by the Bankruptcy Noticing Center by mail on the Debtors and the remainder of the creditors (Docket # 10).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtors were each required to file

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> > (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

a Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was June 11, 2018.[5]

The Debtors failed to file their Certificates by the June 11, 2018 deadline, or at any time thereafter while the case remained open. The Debtors also failed to file a motion to extend the deadline to file the Certificates.

On July 17, 2018, after the case had been fully administered, the case was closed without a discharge, due to the Debtors' failure to file their Certificates. (Docket # 17.) Notice of the Final Decree entered that day (Docket # 18) was served on the Debtors' counsel by e-mail on July 17, 2018, and again on July 19, 2018 through the Court's ECF system. And a notice that the Debtors' bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on July 19, 2018 on all creditors, and on the Debtors. (Docket # 18). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*.)

More than two years and nine months later, on May 5, 2021, the Debtors filed the present Motion (Docket # 19). The Motion states, in relevant part:

> 4. Debtors did not receive the letter from the court, emails from counsel, or phone calls from counsel regarding the need to complete and file the Certificate regarding the required Financial Management Course.

---

section 111[.]

[5] Sixty days after the first date set for the first meeting of creditors (April 11, 2018) was Sunday, June 10, 2018. The next day that was not a Saturday, Sunday, or legal holiday was Monday, June 11, 2018. Therefore, the deadline was Monday, June 11, 2018. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

3

(Mot. at ¶ 4.)

**B. Discussion**

The Motion alleges that the reason that the Debtors did not file the required Certificate was because they did not receive any of the communications from the Court or their counsel regarding the necessity to file the Certificate in order to receive their discharge. This is not a valid excuse (1) for the Debtors' failure to timely complete the financial management course and file the required Certificate, by the June 11, 2018 deadline, more than two years and 11 months ago; or (2) for the Debtors' delay of more than two years and nine months after this case was closed before they moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[6] and Local Bankruptcy Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtors seek to reopen the case to move for an order granting the Debtors a retroactive extension of time to file the Certificate, so the Debtors can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re*

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

*Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). The Debtors have the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re*

5

*Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankr. E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15

6

months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtors have not shown either cause to reopen this case, or cause to grant the Debtors a retroactive extension of more than 2 years and eleven months of the deadline to file the Certificate.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate any valid excuse, (1) why the Debtors failed to timely complete the financial management course and file the required Certificate, by the June 11, 2018 deadline, which was more than two years and eleven months ago; or (2) why the Debtors waited more than two years and nine months after this case was closed on July 17, 2018 before they moved to reopen it. This factor weighs heavily against granting the Motion.

The Motion states that the reason the Debtors did not complete the Financial Management Court and file the Certificate for more than two years and eleven months is because the "Debtors did not receive the letter from the court, emails from counsel, or phone calls from counsel regarding the need to complete and file the Certificate regarding the required Financial

7

Management Course." (Mot. at ¶ 4.) But the Motion fails to give any explanation whatsoever for the Debtors' failure to consult with and communicate with their counsel, much less a valid excuse, for such failure. Nor does the Motion give any explanation whatsoever as to why the Debtors failed to receive any of the numerous communications from the Court or their counsel.

In addition, although not required to do so, the Clerk of this Court reminded the Debtors and their attorney of the requirement to file the Certificate, and the deadline for doing so, in a notice filed on April 24, 2018. That notice was served on the Debtors' attorney by e-mail on April 24, 2018, and the Bankruptcy Noticing Center mailed the notice to the Debtors on April 26, 2018. (*See* Docket # 16). The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion

(Docket # 16) (footnote omitted) (bold in original).

Even assuming that the Debtors forgot about the financial management course requirement to obtain a discharge before their case was closed, they cannot reasonably and credibly allege that they still forgot, after they received the Notice of the Final Decree in April 2018, which clearly stated that their case had "been closed without an entry of discharge" because the Debtors "did not file **a Certification About a Financial Management Course (Official Form 423)**."[8] And in this case, the Debtors were represented by an attorney, who also received this notice, twice, by e-mails on July 17 and July 19, 2018.

The Motion also does not explain why the Debtors waited more than two years and nine months after the case was closed to check on their bankruptcy case, to move to reopen the case, and to complete the financial management course and file their Certificates. (And the Debtors still have not filed their Certificates.) As already stated, the Debtors were informed, by the notice described above, which was mailed to them on July 19, 2018, that their case had been closed without a discharge, and why it had been so closed.[9] Yet the Debtors and their attorney did nothing to try to rectify this for more than 2 years and nine months afterwards. And the Motion alleges no reason, let alone a valid excuse, for such an extremely long delay by the Debtors.

*Factor 2: whether the request was timely*

The delay here, of more than two years and nine months in both the Debtors' completion of their financial management course and in filing the Certificate, and in moving to reopen this

---

[8] Although the Debtors allege that they did not receive this notice in the mail, there is no indication in the record that the mailing was returned undelivered by the post office.

[9] There is no indication in the record that the mailing was returned undelivered by the post office.

case, is far too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> 
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, as in this case, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtors' delay in this case is very significant, and this factor heavily weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtors have been represented by counsel in this case at all times, but the Debtors did not allege in the Motion that their failure to timely complete the Financial Management Course and to file a Certificate was in any way the fault of their counsel. It appears from the Motion that the Debtors' attorney attempted numerous time to notify the Debtors both by email and by telephone of the need to take the Financial Management Course and file their Certificates. The fault was entirely due to the Debtors' own neglect — they alone are at fault. This factor weighs against granting the Motion.

### Factor 4: whether creditors are prejudiced

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtors have failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 19) is denied.

2. The Debtors are not prohibited from filing a new bankruptcy case.

**Signed on May 18, 2021**  **/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**